

FILED by MD D.C.
AUG 26 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-21538-Civ-LENARD
MAGISTRATE JUDGE P.A. WHITE

MITCHELL HAMMER,                         :

    Petitioner,                          :

v.                                       :       REPORT OF
                                                 MAGISTRATE JUDGE
LOREN GRAYER, Warden,                    :

    Respondent.                          :
_____

    On June 21, 2004, while confined at the local Federal Correctional Institution, Mitchell Hammer, a convicted felon, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §§2241-43. The petitioner claims that the Federal Bureau of Prisons has incorrectly computed his sentence. Specifically, he alleges that he is unlawfully being denied credit toward his federal sentence imposed in Case No. 95-367-Cr-Ferguson, because pursuant to 18 U.S.C. §3624(b) he is entitled to 54 days of good time credit per year and that instead he is only being awarded 47 days of credit for each year in prison. The petitioner seeks relief in the form of an order from this Court, requiring the Bureau of Prisons to recalculate his projected release date to reflect that he is eligible to earn 54 days of good time credit for each year of his imprisonment.

    This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

    For its consideration of the petition with multiple exhibits, the Court has the respondent's response to an order to show cause

with multiple exhibits.

The pertinent procedural history of the underlying criminal case reveals as follows. The petitioner pleaded guilty in Case No. 95-367-Cr-Ferguson, to conspiracy to commit bank and securities fraud , making a false statement in a bankruptcy proceeding, and money laundering. (Cr-DE#243). He was sentenced on February 28, 1997, to a total term of 108 months imprisonment, to be followed by a three-year term of supervised release. (Cr-DE#331). When the petitioner filed this federal habeas corpus petition, he had a projected release date of May 1, 2005.[1] The petitioner was advised that based on the time required to serve his sentence, the projected total of good time credit he could earn is 423 days. (Cv-DE#1 Ex.A).

In his response to this court's order to show cause, the government argues that the claim raised herein is unexhausted. Before seeking extraordinary relief in federal courts, federal prisoners are required to fully exhaust available administrative remedies. See Gonzalez v. United States, 959 F.2d 211 (11th Cir. 1992); United States v. Lucas, 898 F.2d 1554 (11 Cir. 1990); United States v. Flanagan, 868 F.2d 1554, 1556 (11 Cir. 1989); United States v. Mathis, 689 F.2d 1364 (11 Cir. 1982). It is well-established that the "Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive any credit for any time spent in custody." United States v. Montez-Gaviria, 163 F.3d 697, 700-01 (2 Cir. 1998); United States v. Martinez, 837 F.2d 861, 865-66 (9th Cir. 1988). However, if a defendant disputes the BOP's calculation, he may seek judicial review of any jail-time credit determination by

---

[1] See http://inmateloc.bop.gov/.

2

filing a habeas corpus petition under 28 U.S.C. § 2241,[2] only after administrative remedies are exhausted.[3] See Rosemond v. Menifee, 137 F.Supp.2d 270, 272 (S.D.N.Y.2000), citing, Rogers v. United States, 180 F.3d 349, 358 (1 Cir.1999). Thus, a district court does not have jurisdiction to consider a claim for jail credit towards a sentence unless the prisoner has so exhausted these administrative remedies. See generally United States v. Wilson, 503 U.S. 329, 335-36 (1992); Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925 (9 Cir. 1993); United States v. Dowling, 962 F.2d 390, 393 (5 Cir. 1992). In this case, review of the petition reveals that the petitioner has not exhausted his administrative remedies. The petitioner argues that pursuing administrative remedies would be futile because his claim would be denied based on official Bureau of Prison policies. That argument, however, is not persuasive and does not excuse the petitioner from exhausting his administrative remedies. Consequently, this court lacks jurisdiction to consider this petition. Nevertheless, the claim fails on the merits and will be discussed briefly below.

The petitioner alleges that the Bureau of Prisons has incorrectly calculated his sentence by failing to award him all good time credit to which he believes he is entitled. In other words, the petitioner contends that he should have received a total of 54 days of credit for each year he is in prison commencing with

---

[2] The petitioner is attacking the execution or administration of his sentences which is properly a petition for writ of habeas corpus brought pursuant to 28 U.S.C. §2241. Preiser, Correction Commissioner v. Rodriquez, 411 U.S. 475 (1973).

[3] An administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §542.10-542.16. It is a three-level process. First the inmate files form BP-9 with the warden of his institution. If dissatisfied with the response, the inmate can appeal, using form BP-10, to the Regional Director. The inmate can further appeal using form BP-11, to the General Counsel in the Bureau of Prisons Central Office. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. See 28 C.F.R. §542.10.

his arrest. This claim is meritless.

Section 3624(b) of Title 18 of the United States Code provides for early release of prisoners who have displayed exemplary compliance with institutional disciplinary regulations. 18 U.S.C. §3624(b); see also, 28 C.F.R. §523.20. A federal prisoner may receive "up to fifty-four days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term," subject to the Bureau of Prisons' determination that "during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." Id. Under this scheme, at the end of each year, the Bureau of Prisons determines whether the petitioner deserves the credit, and if so, may award him credit for an extra fifty-four days towards the remainder of his sentence.

However, in the final year of incarceration, the good-behavior credit is prorated and credited within the last six weeks of the sentence. Id. See also United States v. Speed Joyeros, S.A., 204 F.Supp.2d 412, 443 (E.D.N.Y. 2002). The Bureau of Prisons has promulgated an implementing regulation, which adopts the amount of time actually served by a prisoner as the basis for the proration. 28 C.F.R. §523.20. The regulation consequently prorates the fifty-four days of credit a year earned by the model prisoner to 0.148 day of credit for every actual day served during good behavior. At this rate, a prisoner who behaves himself may complete a sentence of a year and one day after serving 319 days in prison. At that point, the prisoner will have earned forty-seven days of good time credit, which, when added to time served, would make the full 366 days of his sentence.

The petitioner argues that the Bureau of Prisons' formula

4

conflicts with the governing statute because, when the statute awards fifty-four days at the end of each year of the prisoner's term of imprisonment, this award should be based on the sentence imposed, without regard to the time actually served. In support of his claim, the petitioner cites <u>White v. Scibana</u>, 314 F.Supp.2d 834 (W.D. Wisconsin 2004),[4] in which the district court held that the Bureau of Prisons must calculate an inmate's good time credit on the basis of the inmate's sentence rather than on the time he has actually served, pursuant to 18 U.S.C. §3624(b).

Contrary to the petitioner's arguments in this federal proceeding, the Bureau of Prisons' regulation which uses the amount of time actually served by the prisoner, rather than the sentence imposed, as the basis for prorating good time credit available to a prisoner for his last year of imprisonment or portion thereof has been held a reasonable interpretation of the federal good time statute. <u>Pacheco-Camacho v. Hood</u>, 272 F.3d 1266 (9 Cir. 2001), <u>cert</u>. <u>denied</u>, 535 U.S. 1105 (2002). In <u>Pacheco</u>, the Ninth Circuit explained that the phrase "term of imprisonment" as used in the statute, could reasonably refer to either the actual sentence term served or the sentence term imposed. <u>Id</u>. at 1268. Nothing in the statute or legislative history suggests which of the two is the correct meaning of the term. <u>Id</u>. at 1269-1270.

In this case, the petitioner has properly received the amount of credit to which he was entitled, and the project release date appears to be proper. <u>Id</u>. <u>See also</u> 18 U.S.C. §3624(b); 28 C.F.R. §523.20.

Moreover, the petitioner's rule of lenity argument should also

---

[4]That decision is currently pending on an expedited appeal basis before the Seventh Circuit Court of Appeals.

5

be rejected because the Bureau of Prison has properly resolved the ambiguity in the statute through a reasonable regulation. <u>Pacheco</u> at 1271; <u>see also</u>, <u>Martinez v. Wendt</u>, 2003 WL 22456808, *2 (N.D. TX 2003)(finding that Section 3624(b) is not a penal statute that triggers the rule of lenity).

The petitioner's equal protection and due process arguments which are bereft of any legal or factual support, also fail. The petitioner concedes that all federal prisoners are treated equally by the Bureau of Prisons when it calculates good time credits. Thus, no equal protection violation has occurred. Moreover, the petitioner has failed to establish a violation of due process and is not entitled to relief on that basis.

It is therefore recommended that his petition for writ of habeas corpus pursuant to §2241 be dismissed for lack of jurisdiction, and alternatively denied on the merits.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this \_\_26\_\_ day of August, 2004.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Mitchell Hammer, <u>Pro Se</u>
     Reg. No. 48828-004
     F.C.I. - Miami
     P.O. Box 779800
     Miami, FL 33177

     Steven R. Petri, AUSA
     U.S. Attorney's Office
     500 East Broward Boulevard, 7th Floor
     Fort Lauderdale, FL 33301